THE STATE *vs.* WEBSTER.

A prisoner was tried by the first jury upon an indictment, and found guilty, another indictment being then pending against him. The evidence upon the trial tended to prove that he was guilty of the offence charged in the other indictment also. Several members of the second jury were present during the trial, and upon being inquired of, answered that they had formed an opinion from the evidence therein.—*Held,* that they were incompetent to try the prisoner upon the other indictment.

INDICTMENT, for stealing a horse, the property of one John Brown, of Amherst, on the 5th day of June, 1842.

The prisoner had been indicted for entering the shop of one Spring, of Amherst, on the 29th day of May, 1842, and stealing property therefrom ; and at the August term, 1842, of the court of common pleas, was tried on that indictment by the first jury, and found guilty. The evidence on this trial tended to prove that the prisoner was guilty of the offences charged in both indictments.

Immediately after the first jury had retired, the present indictment came on for trial before the second jury. Upon being inquired of, several members of the jury stated that they were present during the trial of the former indictment, and had formed an opinion from the evidence in that case.

The counsel for the prisoner then objected to his being tried on this indictment by the second jury, on the ground

that they were not impartial, and had prejudged the case ; but the objection was overruled, and the prisoner was tried by the second jury and found guilty.

A motion was then made that the verdict be set aside and a new trial granted, for the reason before given ; and the question arising thereon was transferred to this court for determination.

*Gove,* attorney-general, for the state.

*B. M. Farley,* for the prisoner.

GILCHRIST, J. If it could be supposed necessary in any case to refer to written law in support of so plain a proposition as that all judicial tribunals should be impartial, we could find it expressed with all needful precision in the constitution of this state. The thirty-fifth article of the bill of rights declares it to be " the right of every citizen to be tried by judges as impartial as the lot of humanity will admit ;" and although the judges of the superior court were there particularly alluded to, the spirit of the sentence pervades the constitution throughout. The 9th section of the act of July 4th, 1827, *N. H. Laws* 467, (*Ed. of* 1830) provides that a juror may be put to answer upon oath, among other things, " whether he is sensible of any prejudice in the cause ?" and the same section also enacts that if it shall appear to the court that a juror does not stand indifferent, he shall be set aside and another appointed in his stead.

But even without these provisions, the commonest regard to justice would require that a party should not be compelled to trust even his property—much less, as in this case, his reputation and liberty—to the action of a tribunal by whom the merits of his case had been prejudged. It is immaterial in what manner a juror becomes biassed. The question is, is he impartial, or is he not ? He will be unfitted to do justice to the parties, whether he derive his impressions from read-

ing the newspapers, from common report, from casual conversations with his neighbors, or from hearing witnesses testify in a court of justice. His presence in court, in the jury-box, where he had not only a right to be, but where the law required him to appear, is no reason for holding that prejudices acquired in the court-house are any more sacred things than prejudices acquired elsewhere, and that with these prejudices he should be allowed to sit in judgment upon his fellow-men.

We are of opinion that the objection taken by the prisoner's counsel should have been sustained by the court, and that the prisoner should not have been tried by the second jury. The verdict must be set aside, and there must be a

*New trial.*